STATE OF IOWA, Appellee, v. LEE SPANGLE, Appellant.

**JURY:** Jury List—Insertion of Names by County Auditor. County auditors have no authority to take names from the poll books of a precinct and enter them upon the jury list, in order to obviate the failure of the judges of election to return jury lists from such precinct.

*Appeal from Hamilton District Court.*—H. E. FRY, Judge.

JUNE 21, 1922.

DEFENDANT was tried on an indictment charging the crime of breaking and entering a building in the nighttime, the trial resulting in a verdict of guilty. Motion for new trial was overruled, and judgment was entered on the verdict. Defendant appeals.—*Reversed.*

*R. G. Remley* and *D. C. Chase,* for appellant.

*E. P. Prince* and *Ben J. Gibson,* Attorney General, for appellee.

ARTHUR, J.—When the case was called for trial, and before selection of the jury was begun, the defendant filed and

presented to the court written challenge and objections to the panel from which the trial jury was about to be drawn and selected, as follows: .

(1)   Because said jury list had a smaller number of men than 800, the number required by law.

(2)   Because said jury list contained the names of men and women indiscriminately.

(3)   Because said jury list contained the names of judges of election, who placed their names therein.

(4)   Because the jury and talesman's lists were not made up and certified as required by law.

(5)   Because names were included in the jury list which were not certified by the judges of election, as required by law, or made up by the board of supervisors, as required by law.

The talesman's list was objected to for the above reasons.

In support of his objections that the panel or jury list contained the names of men and women, and that such panel and jury list and also the talesman's list were not made up or certified as required by law, the defendant called as witnesses the county auditor of Hamilton County, the clerk of the district court, and Charles Lacey, one of the judges of the election board of the fifth ward of Webster City in Hamilton County, and showed that the names of both men and women were placed in the jury list, and that the jury and talesman's lists were not made up and certified as required by law. It was shown by these witnesses that the names of some twenty-four women were placed in the jury list; that the name of Charles Lacey, one of the judges of election for the fifth ward of Webster City, was placed in the list, and that he placed his own name upon said list; that the lists in the poll books of Hamilton and Scott Townships of Hamilton County were not certified to by the judges of election, but that the names of jurors were taken from them; that there was no list of jurors returned from Ellsworth Township, but the auditor placed in the list some names of his own selection, which he found in the poll book; and that the minutes of the board of supervisors contained no record of their taking any action for filing the names of the lists of jurors for the pre-

cincts not reported; that the name of one woman was on the panel of the jury at the trial term.

Defendant's objections were overruled, and the jury was impaneled for the trial of defendant.

Errors are assigned, predicated on overruling defendant's objections to the jury list and to the panel and to the jury, and the same questions are properly raised in the motion made by defendant for a new trial.

This case is a companion case to *State v. Walker*, 192 Iowa 823. The cases are exactly alike in nearly all particulars. Walker and Spangle were indicted on the same charge, on the same state of facts, for the same act, by the same grand jury, and were tried by juries selected and impaneled from the same jury lists. The charge, evidence, ruling of the court, and instructions of the court in the instant case, were practically identical with the same in the *Walker* case. In the *Walker* case, we ruled on all the assignments of error made in the instant case, except a few unimportant ones. That being the situation, it is unnecessary to take up and discuss the several assignments of error presented in this case. It is sufficient to point out that we held in the *Walker* case, in effect, that the written challenge to the panel or list of jurors, on the ground that the county auditor added names that were uncertified in the poll books on a completed jury list of the county, was well taken; that the placing by Charles Lacey, an election judge, of his own name upon the list, was without statutory authority, and in violation of our statutes relating to such matters; that there was not substantial compliance with the statutes relating to the manner of preparing the jury lists; and that it was error to overrule the written objections made and to deny a new trial. The *Walker* case clearly rules this case in the matters above mentioned, compelling reversal; and this case is reversed.—*Reversed.*

STEVENS, C. J., EVANS and FAVILLE, JJ., concur.